```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS C. SHERIDAN, et al.    :    CIVIL ACTION
                               :
         v.                    :
                               :
THE PROFORMANCE INSURANCE      :
COMPANY, et al.                :    NO. 08-2310
```

MEMORANDUM

Bartle, C.J.                                           July 30, 2008

       Plaintiffs Francis Sheridan and Chris Luner bring this declaratory judgment action against defendants The Proformance Insurance Company ("Proformance"), Martha Cucinotta as administratrix of the estate of John Cucinotta, and Kimberly Hannigan, the Cucinottas' granddaughter.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.  Plaintiffs allege that in June, 2005, they were seriously injured in an automobile accident caused by Hannigan while she was driving a car owned by the now-deceased John Cucinotta.  According to the complaint, Cucinotta had purchased an automobile insurance policy from Proformance and Hannigan was a "Covered Person" under such policy.  Plaintiffs seek a declaration that Hannigan is entitled to excess liability coverage from Proformance.  Before the court is the motion of Proformance to dismiss plaintiffs' claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

Case 2:08-cv-02310-HB   Document 11   Filed 07/30/08   Page 2 of 6

When a defendant moves to dismiss a claim under Rule 12(b)(2), plaintiffs bear the burden of showing that personal jurisdiction exists.  Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007).  We must accept plaintiffs' allegations as true and construe disputed facts in their favor.  Id. at 295 n.2.  Nonetheless, plaintiffs must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state."  Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).

It is well settled law that "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  Id.; Fed. R. Civ. P. 4(k)(1)(A).  In Pennsylvania, state law provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. Ann. § 5322(b).  Our Court of Appeals has recently described the two types of personal jurisdiction that a federal court may exercise over a nonresident defendant:  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state.  Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state."  Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)).

-2-

Plaintiffs assert that Proformance "transacts business in the Commonwealth of Pennsylvania" and "uses the Courts of Pennsylvania in the course of its business ... on a regular and systematic basis."  As support, plaintiffs provide documentary evidence of seven lawsuits filed over the past ten years in the courts of the Commonwealth in which Proformance has been a party.  Proformance was a plaintiff in three of these cases and was named as a defendant in the remaining four.  Plaintiffs have not provided us with the "particularized facts" underlying those actions.

Proformance has come forward with evidence that it is a New Jersey corporation with its principal place of business in Freehold, New Jersey.  It sold the policy at issue to a New Jersey resident, John Cucinotta, and the accident out of which plaintiffs' claims arise occurred in New Jersey.  Proformance does not sell insurance policies to Pennsylvania residents and transacts no business of any other kind in the Commonwealth.  As to the lawsuits cited by plaintiffs, Proformance points out that two of the cases in which it was a plaintiff were subrogation actions in which venue was proper only in Pennsylvania.  With respect to the cases in which Proformance was named as a defendant, we have no further details.  We do not know, for example, whether Proformance consented to personal jurisdiction or whether it was contested.

It is clear that we do not have general jurisdiction over Proformance.  Plaintiffs have not submitted any evidence to

demonstrate that Proformance "has maintained systematic and continuous contacts" with the Commonwealth of Pennsylvania.  Id.

We will therefore consider whether plaintiffs have established a case for the exercise of specific jurisdiction over Proformance.  Our Court of Appeals has described the three-part inquiry for determining whether specific jurisdiction exists:

> First, the defendant must have "'purposefully directed' his activities" at the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, (1984)).  Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities.  Helicopteros, 466 U.S. at 414.  Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

Id.

Here, the accident in issue occurred in New Jersey.  While plaintiffs are citizens of Pennsylvania, the two individual defendants are citizens of New Jersey.  Performance is the New Jersey insurer of at least one defendant.  Plaintiffs have now filed a declaratory action against Proformance in this court in connection with that New Jersey accident and the insurance policy it issued in New Jersey to a New Jersey citizen.  Under the circumstances, it cannot be said that Proformance has "purposefully directed" its activities into Pennsylvania in connection with either the insurance policy or the accident in issue.  Burger King, 471 U.S. at 472.  Whatever the result had

-4-

the accident occurred in Pennsylvania, it would be inconsistent with notions of fair play and substantial justice to exercise personal jurisdiction over Proformance on the record before us. Id. at 476.  Plaintiffs have cited to no precedent holding to the contrary on similar facts.[1]

      Accordingly, we will grant the motion of defendant Proformance to dismiss plaintiffs' claims against it for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

---

1.  We note that plaintiffs have not alleged that their current claims "arise out of or relate to" any of the seven lawsuits in which Proformance was previously named as a litigant in the courts of the Commonwealth.  Thus, such lawsuits cannot serve as a basis for specific jurisdiction over Proformance under the United States Constitution.  Helicopteros, 466 U.S. at 414.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS C. SHERIDAN, et al.      :       CIVIL ACTION
                                 :
          v.                     :
                                 :
THE PROFORMANCE INSURANCE        :
COMPANY, et al.                  :       NO. 08-2310
```

ORDER

AND NOW, this 30th day of July, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant The Proformance Insurance Company to dismiss plaintiffs' complaint for lack of personal jurisdiction is GRANTED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    C.J.